UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGIO MONT SER,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>DEPUTY CHIEF SEABOCK, et al.,<br><br>　　　　　　　　　Respondents. | Case No. 2:22-cv-01882-RFB-VCF<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner Georgio Mont Ser ("Ser" or "Petitioner") paid his filing fee and filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking emergency federal review related to his ongoing state criminal case and pretrial detention. (ECF No. 1, 1-1.) This matter comes before the Court on initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the Court finds that Ser's § 2241 petition is unexhausted, so it is dismissed without prejudice.

**I.　　BACKGROUND**[1]

The State filed criminal complaints against Ser in two separate state justice court cases: (1) one on July 6, 2022, charging Ser with attempted kidnapping in the second degree, burglary while in possession of a firearm or deadly weapon, two counts of assault with the use of a deadly weapon, battery resulting in substantial bodily harm, and attempted false imprisonment (case number 21-CR-046601); and (2) one on September 15, 2022, charging Ser with aggravated stalking (case

---

[1] The procedural history in this section is derived from Ser's allegations as well as his criminal matters in the Las Vegas Justice Court and Eighth Judicial District Court. This Court takes judicial notice of the online dockets of these two courts as well as the Nevada appellate courts' docket. Those databases can be accessed at https://lvjcpa.clarkcountynv.gov/Anonymous/default.aspx, https://www.clarkcountycourts.us/Portal/Home/Dashboard/29, and https://caseinfo.nvsupremecourt.us/public/caseSearch.do.

number 22-CR-029751). Regarding the first case, 21-CR-046601, a request for a competency evaluation was made during Ser's preliminary hearing, and the state justice court conditionally bound Ser over to the state district court regarding competency. Regarding the second case, 22-CR-029751, the state justice court conditionally bound Ser over to the state district court regarding competency at a status check.

Regarding the first case, which was assigned case number C-22-367174-1 at the state district court, an order of commitment pursuant to Nev. Rev. Stat. § 178.425 was entered on September 7, 2022. Regarding the second case, which was assigned case number C-22-368413-1 at the state district court, an order of commitment pursuant to Nev. Rev. Stat. § 178.425 was entered on October 3, 2022. According to the Clark County Detention Center's inmate custody status, Ser is "pending Lakes Crossing." A search of the Nevada state appellate courts' docket reflects that Ser has not sought appellate review in any capacity.

In his petition for federal habeas relief, Ser alleges that (1) he was held without bail for four months, (2) he was "scheduled to competency court against [his] primary [doctor's] and [his] request," (3) he was found competent less than a year ago by the California medical program and by a SSA disability mental evaluation, and (4) his counsel postponed his preliminary hearing for the competency evaluation without his consent. (ECF No. 1 at 2.) Ser alleges the following grounds for relief: (1) he has been denied a reasonable and timely bail hearing, the right to give a plea, and the right to a speedy trial, (2) there is a conflict of interest with the alleged victims, who "act as popular pornstars," (3) he was attempting to make a lawful citizen's arrest, not attempting to kidnap the victims, and (4) his right to perform a citizen's arrest was infringed. (Id. at 6–7.) Ser asks this Court for (1) "a reasonable and timely bail," (2) "allowance to a fair and speedy trial in an appropriate court able to judge [his] charges," (3) "competent representation capable of arguing

'not guilty' on [his] behalf," (4) his "allegations of [the victims'] crimes be reviewed by an office with proper jurisdiction," and (5) "an investigation into correcting the facilities that instituted such requests." (Id. at 7.)

## II.    DISCUSSION

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised. See Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998).

A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999); Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." Picard v. Connor, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014); Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based). A claim is not exhausted unless the petitioner has presented to the state

court the same operative facts and legal theory upon which his federal claim is based. Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994).

Ser has not alleged or demonstrated that he has fully exhausted his state court remedies. See, e.g., Arevalo v. Hennessy, 882 F.3d 763, 764–67 (9th Cir. 2018) (finding that a California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court, each of which was denied); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489–92 (1973) (holding that pretrial detainee in state custody must exhaust available state court remedies for federal court to consider detainee's constitutional claims). Indeed, Ser stated that he has only (1) filed a complaint against his counsel with the Nevada State Bar, (2) moved to dismiss his counsel on October 6, 2022, and (3) submitted complaints against the alleged victims to the Nevada Attorney General for prosecution. (ECF No. 1 at 2, 5.)

Ser has outstanding avenues of state court relief, including, but not limited to, motions, petitions for mandamus relief (Nev. Rev. Stat. § 34.150 et seq.), and petitions for habeas relief (Nev. Rev. Stat. § 34.360 et seq.). Moreover, Ser may seek recourse in Nevada's appellate courts. See Fair v. Clifton, No. 3:20-cv-00460, 2020 WL 7711925, at *2 (D. Nev. Dec. 28, 2020) (finding that a petitioner, who was "being held as a pretrial detainee at Lakes Crossing by state authorities" and "had not been arraigned on charges or given a bond hearing for 100 days," failed to demonstrate that he had fully exhausted his state court remedies to Nevada's appellate courts even though he challenged the state justice court's incompetency finding to the state district court). As a matter of simple comity, the Court is not inclined to intervene prior to giving the Nevada courts an opportunity to redress any violation of Ser's constitutional rights. See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles

of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights").[2]

Accordingly, the § 2241 petition will be dismissed without prejudice for lack of exhaustion. If necessary, Ser may file a new federal habeas petition upon exhaustion of his state court remedies.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner Georgio Mont Ser's petition for writ of habeas corpus [ECF No. 1] **is DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied, as jurists of reason would not find dismissal of the petition to be debatable or wrong.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to informally electronically service Respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and sending a notice of electronic filing to his office of the petition [ECF No. 1] and this order. No response is required from Respondents other than to respond to any orders of a reviewing court.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter final judgment dismissing this action without prejudice and to close this case.

Dated: November 18, 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT COURT

---

[2] The Court notes, without deciding, that the comity-based Younger abstention doctrine, which prevents federal courts from enjoining pending state court criminal proceedings, may not apply to Ser's bail hearing claims. See Arevalo v. Hennessy, 882 F.3d 763, 766–67 (9th Cir. 2018) ("[B]ecause the question of whether the petitioner is entitled to a constitutional bail hearing is separate from the state prosecution, and would not interfere with those proceedings, Younger abstention is not appropriate.").